IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| ADAMS PRODUCE COMPANY, LLC, | ) | Case No. 12-02036-TOM-11 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| API HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | A.P. No. 12-00138-TOM |
| vs. | ) | |
| | ) | |
| FROST CUMMINGS TIDWELL | ) | |
| GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This adversary proceeding is before the Court following a hearing on November 14, 2012, on the Notice of Removal filed by Frost Cummings Tidwell Group, LLC ("Frost"); the Motion for Entry of Order Remanding Proceeding to the Circuit Court of Jefferson County, Alabama filed by API Holdings, LLC ("API"); the Opposition to the Motion filed by Frost; the Reply to the Opposition filed by API, and the Sur-reply filed by Frost. Appearing before the Court were Carlos R. Rainer, David McKnight, and Greg M. Wilkes, attorneys for API; E. Britton Monroe and Lee R. Benton, attorneys for Frost; and D. Christopher Carson, attorney for debtor Adams Produce Company, LLC ("Adams"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and

1

157(a)[1] and the District Court's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[2] The Motion for Entry of Order Remanding Proceeding to the Circuit Court of Jefferson County, Alabama filed by API in this removed action is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A) and (O).[3] This Court has considered the pleadings, arguments of counsel, and the law, and finds and concludes as follows.[4]

---

[1] 28 U.S.C. §1334(b) provides:
[N]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. §151 provides:
In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

28 U.S.C. §157(a) provides:
Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for that district.

[2] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984, issued by the United States District Court for the Northern District of Alabama provides:
The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[3] 28 U.S.C. § 157(b)(2) provides:
(b)(2)Core proceedings include, but are not limited to–
    (A) matters concerning the administration of the estate; . . .
    (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death.

[4] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy

# FINDINGS OF FACT[5]

API filed a complaint against Frost in the Circuit Court of Jefferson County, Alabama, alleging that certain misdeeds of Frost played a part in API's decision to purchase Adams Produce Company, Inc. ("APCI"),[6] and if not for those misdeeds, API would not have made the purchase. More specifically, API alleges that it relied on Frost's negligently and/or fraudulently audited financial statements of APCI dated December 31, 2009, and on misrepresentations in Frost's Independent Auditor's Report on the financial statements, in deciding whether to purchase APCI. The factual background and allegations of API's Complaint are complex, but in sum, API asserts that not until after it concluded the transaction did it realize APCI's financial situation was not as rosy as it seemed from the financial statements and audit.[7]

Adams filed its Chapter 11 bankruptcy petition on April 27, 2012.[8] On August 9, 2012, API filed this action against Frost in the Circuit Court of Jefferson County, Alabama (case no. 01-CV-2012-902502), and on September 19, 2012, Frost removed the action to this Court on the grounds that the claims are related to Adams's bankruptcy case ("Adams Bankruptcy"). In its Motion to

---

pursuant to Federal Rule of Bankruptcy Procedure 7052.

[5] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

[6] According to the Complaint, Frost prepared financial statements of APCI. Adams Produce Company, LLC was formed by APCI in conjunction with the sale of APCI to API. (*See* Exhibit A (Complaint) to Notice of Removal (Doc. 1)).

[7] *See Id.*

[8] Adams Clinton Business Park, LLC, an affiliate of Adams, also filed a Chapter 11 petition on April 27, 2012, case no. 12-02037. Both cases are being jointly administered under bankruptcy case number 12-02036.

Remand filed on October 12, 2012, API asserts that this Court does not have jurisdiction over the action because it is merely "tenuously related" to the Adams Bankruptcy, and further, that even if the Court has jurisdiction it should abstain from hearing this action. Alternatively, API alleges that remand would be proper.

## CONCLUSIONS OF LAW

**I.     Jurisdiction of the Removed Action**

BLACK'S LAW DICTIONARY defines jurisdiction as "the power of the court to decide a matter in controversy and presupposes the existence of a duly constituted court with control over the subject matter and the parties." BLACK'S LAW DICTIONARY 853 (6th ed. 1990) (citation omitted). This Court has previously found that jurisdiction "is the authority of a court to adjudicate the legal dispute before it." *A.B. Real Estate, Inc. v. Bruno's, Inc. (In re Bruno's, Inc.)*, 227 B.R. 311, 320 (Bankr. N.D. Ala. 1998).

Bankruptcy courts derive their jurisdiction by a conjunctive reading of three federal statutes enacted by Congress as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 codified in 28 U.S.C. §§1334, 151, and 157.[9] Determining that the action falls within the ambit of either §§1334(a) or (b) is the first step in establishing jurisdiction.

Federal district courts have original and exclusive jurisdiction of all cases under title 11. 28 U.S.C. §1334(a).[10] Additionally, federal district courts have original but not exclusive jurisdiction

---

[9] *See Burlingame v. Whilden (In re Whilden)*, 67 B.R. 40, 41-42 (Bankr. M.D. Fla. 1986); *In re Oceanquest Feeder Service, Inc.*, 56 B.R. 715, 718-719 (Bankr. D. Conn. 1986); Lawrence P. King, *Jurisdiction and Procedure Under the Bankruptcy Amendments of 1984*, 38 VAND. L. REV. 675 (1985).

[10] 28 U.S.C. §1334(a) provides:
Except as provided in subsection (b) of this section, the district courts shall have

4

of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b).[11] Thus, as noted in *Wood v. Wood (In re Wood)*, 825 F.2d 90 (5th Cir. 1987):

> Section 1334 lists four types of matters over which the district court has jurisdiction:
> 1. "cases under title 11",
> 2. "proceedings arising under title 11",
> 3. proceedings "arising in" a case under title 11, and
> 4. proceedings "related to" a case under title 11.

*Id.* at 92.

"The first category refers merely to the bankruptcy petition itself, over which district courts (and their bankruptcy units) have original and exclusive jurisdiction." *Id.* Proceedings "arising under title 11" are those that "involve a cause of action created or determined by a statutory provision of title 11." *Id.* at 96. The phrase proceedings "arising in" a case under title 11 "seems to be a reference to those 'administrative' matters that arise *only* in bankruptcy cases . . . [and] would have no existence outside of the bankruptcy." *Id.* at 97 (emphasis in original). "Related to" proceedings are those proceedings not falling into any of the other three categories but the outcome of which "'could *conceivably* have any effect on the estate being administered in bankruptcy.'" *Id.* at 93 (emphasis in original) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). To determine whether a matter fits within jurisdiction of the bankruptcy court it is not necessary to distinguish between the categories, as "[t]hese references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least 'related to'

---

original and exclusive jurisdiction of all cases under title 11.

[11] *See supra* note 1.

the bankruptcy."[12] *Id.*

In *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784 (11th Cir. 1990), the Eleventh Circuit Court of Appeals adopted the standard for "related to" jurisdiction as set out in *Pacor*:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Id.* at 788 (quoting *Pacor*, 743 F.2d at 994). *See also Munford v. Munford (In re Munford)*, 97 F.3d 449, 453 (11th Cir. 1996) (quoting same).

In its Notice of Removal Frost contends there are several ways API's claims are related to the Adams Bankruptcy case. Perhaps the most compelling is the matter of the eroding insurance policy. Frost asserts that Adams and API will compete for the same potential insurance proceeds if it is found to be liable for the allegations that Adams and API have made, and thus API's action could have an impact on the money available to Adams's bankruptcy estate. In its Reply, API infers that a bankruptcy court has jurisdiction over third party claims only where the claims could result in liability for the estate or the claims involve property of the estate. However, the explanation of "related to" jurisdiction adopted by the Eleventh Circuit expressly includes actions not against the debtor or its property as well as actions, whether positive or negative, that could change the debtor's rights and options, so long as such action "could conceivably have an effect" on the estate. If API's

---

[12] As the Eleventh Circuit has noted, "[t]he 'related to' connection has been described as 'the minimum for bankruptcy jurisdiction.'" *Continental Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999) (quoting E. Scott Fruehwald, *The Related to Subject Matter Jurisdiction of Bankruptcy Courts*, 44 DRAKE L. REV. 1, 7 (1995)).

6

claims against Frost could decrease or even exhaust the eroding insurance policy proceeds before Adams has a chance to make a claim, API's claims could conceivably have an effect on the estate. Although factors other than the eroding insurance policy may have some effect on the debtor that would make this adversary proceeding a "related to" proceeding, the Court need not address them. Therefore, this Court finds that the state court action is sufficiently "related to" the bankruptcy case so as to fall within §1334. The determination that this Court has jurisdiction having been made, the Court must now consider whether it is proper to exercise its jurisdiction over the removed case.

**II.     Remand**

Remand is the vehicle through which removed cases are transferred back to state court. 28 U.S.C. § 1452(b). This Court has recently addressed what factors should be considered in determining whether remand is appropriate:

> Remand may based upon "any equitable ground." [28 U.S.C. § 1452(b)]. These equitable reasons may include those factors listed in §1334(c)(2) for mandatory abstention. *In re Warren*, 125 B.R. 128 (E.D. Pa. 1991); *Cook v. Griffin*, 102 B.R. 875 (N.D. Ga. 1989). The equitable grounds include forum non conveniens, a state court's heightened ability to deal with questions of state law, the expertise of a particular court, the duplicative or uneconomic effort of judicial resources in two forums, prejudice to involuntarily removed parties, comity considerations and the lessened possibility of inconsistent results. *See Glover v. Midland Mortgage Co. of Oklahoma*, 228 B.R. 293, 313 (N.D. Ala. 1998); *Thomasson v. AmSouth Bank*, 59 B.R. 997, 1001 (N.D. Ala. 1986); *In re Irwin*, 325 B.R. 22, 28 (Bankr. M.D. Fla. 2005); *Twyman v. Wedlo*, 204 B.R. 1006, 1019 (Bankr. N.D. Ala. 1996); *In re Royal*, 197 B.R. 341, 349 (Bankr. N.D. Ala. 1996). The three mandatory abstention requirements which may also be considered are: 1) the proceeding is based on a state law claim which, although related to a title 11 case, does not arise under title 11 or out of a title 11 case, 2) the proceeding could not have been commenced in federal court but for the bankruptcy and 3) the state court can timely adjudicate the cause of action. 28 U.S.C. §1334(c)(2).

*Wesler v. Ochsenhirt (In re Heatherwood Holdings, LLC)*, BK No. 09-00076, AP No. 09-00121, 2009 WL 2211609, at *4 (Bankr. N.D. Ala. 2009). Application of these factors to the case at hand weighs in favor of remanding this action to the Circuit Court of Jefferson County, Alabama.

*Forum non conveniens.* This is perhaps the easiest factor to apply in this situation. Both the

7

state court and this Court are located in Birmingham, Jefferson County, Alabama. Neither location is more convenient than the other.

*State court's heightened ability to deal with state law, and expertise of a particular court.* These two factors weigh in favor of remand since all of API's claims against Frost - negligence, fraud, and Alabama and Texas securities law violations - are based on state law. Frost notes that the securities acts of both Alabama and Texas draw from federal securities acts, and that case law interpreting the federal acts is sometimes used to interpret the state securities laws. That may be so but these are all ultimately state law issues. This Court has dealt with all manner of issues involving state law but state courts, just by their nature, undoubtedly confront these issues on a daily basis and thus have more expertise.

*Duplicative or uneconomic effort of judicial resources in two forums.* Frost is concerned that remanding this action will result in the duplicate efforts of judicial resources. Adams has filed its own adversary proceeding against Frost alleging that it also suffered harm stemming from the 2009 financial statements and Independent Auditor's Report.[13] According to Frost, it will be inefficient for this action to be remanded because one state and one federal court will hear "essentially identical claims" against Frost, the only defendant in each action. Although the claims are not identical they do arise from the same set of facts and circumstances. However, judicial economy by itself is not a justification for federal jurisdiction. *Lemco Gypsum*, 910 F. 2d at 789. In the likelihood that discovery in the API and the Adams actions overlap, this Court is certain that counsel for all parties will, for the sake of their clients, efficiently conduct themselves.

*Prejudice to involuntarily removed parties and comity considerations.* If this action is remanded to the state court, API will be able to enjoy the forum it originally chose when it filed this

---

[13] In short, Adams alleges in its adversary proceeding that it conducted its business affairs in reliance on the financial information it received from Frost, and as a result, its business failed.

8

action. *See Bruno's*, 227 B.R. at 328. Furthermore, API has requested a trial by jury. This Court could conduct a jury trial, but only if all parties consented.[14] Generally, the state court is more accustomed to conducting such trials and it could be prejudicial to API if it were not allowed to proceed with this action against Frost in the original state court forum that it had chosen. As Judge Cohen has noted, "'Demands for jury trials in non-core proceedings have been considered a sufficient ground for an equitable remand.'" *Twyman,* 204 B.R. at 1020 (quoting *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 409 (S.D.N.Y. 1991)). Not much had happened in the state court when Frost removed this action, thus deference to prior state court rulings is not an issue should this action remain in this Court; however, this factor is outweighed considering the other factors as applied to this particular case.

*The lessened possibility of inconsistent results.* API and Adams both allege forms of negligence and fraud in their Complaints and those claims are all based on Frost's audits and financial statements of APCI. However, the relationship of each plaintiff to Frost is different (API was the purchaser of APCI, while Adams is the new entity emerging from the purchase) and the harm allegedly suffered by each plaintiff is a result of their respective relationships (API allegedly would not have purchased APCI but for the financial information provided by Frost, while Adams operated under an allegedly false financial picture painted by Frost and failed). The plaintiffs' interests are not so aligned that the outcomes of their actions would necessarily be the same if both were tried in the same forum.

The factors borrowed from mandatory abstention all weigh in favor of remand as well. As

---

[14] 28 U.S.C. § 157(e) provides:
If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

9

already discussed, the state law claims are related to the bankruptcy case but do not arise under or out of it. This action could not have been brought in federal court but for the Adams Bankruptcy case, as there is no federal question or diversity jurisdiction involved.[15] And finally, there has been no showing that the state court cannot timely adjudicate this action. Frost contends that this Court could adjudicate these issues in an equally timely manner as, and perhaps more efficiently than, the state court because this Court already has the Adams adversary proceeding. The Court does not doubt that it could timely and efficiently deal with both the API and Adams adversary proceedings. However, there is no evidence before the Court, nor does Frost contend, that the state court cannot timely adjudicate these issues.

## III.  Abstention

API's Motion alternatively requested the Court to abstain from hearing all of the counts listed in the Complaint. Because this Court has found that remand of the action is appropriate in this instance, it is unnecessary for the Court to enter the debate over the parameters of permissive abstention, mandatory abstention, and core proceedings. Therefore, the Court will not discuss the alternative relief requested by API.

## **CONCLUSION**

This Court has jurisdiction over this action filed by API against Frost, neither of whom are parties in the pending Adams Bankruptcy, pursuant to 28 U.S.C. 1334(b) which confers upon bankruptcy courts jurisdiction over actions "related to" a bankruptcy case. It is conceivable that a judgment in favor of API could decrease the amount of insurance proceeds otherwise available to

---

[15] Only state law claims are at issue so federal question jurisdiction is not implicated. Diversity jurisdiction is not implicated either. According to API's Complaint Frost is a citizen of Alabama but API is not. *(See* Exhibit A (Complaint) to Notice of Removal (Doc. 1)). Although there exists diversity among the parties, 28 U.S.C. § 1441(b)(2) prohibits removal of a case despite the existence of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

10

the estate if Adams obtains a judgment against Frost. Thus, API's action could conceivably have an impact on the estate, which satisfies the test for "related to" jurisdiction as defined by the Eleventh Circuit. Despite having jurisdiction it is appropriate for this Court to remand the action to the Circuit Court of Jefferson County, Alabama, as consideration of the relevant factors weigh in favor of remand. Therefore, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the Motion for remand, or in the alternative for abstention filed by API is **GRANTED**. The Clerk's office is directed to remand this action to the Circuit Court of Jefferson County, Alabama.

Dated: February 12, 2013

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM:dgm

xc: Carlos R. Rainer
David McKnight
Greg M. Wilkes
E. Britton Monroe
Lee R. Benton
D. Christopher Carson